# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED DWAYNE SMITH, | CASE NO. 1:10-cv-00576-OWW-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO |
| v. | STATE A CLAIM |
| SUSAN L. HUBBARD, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

_____/

### Screening Order

**I.    Screening Requirement and Standard**

Plaintiff Ed Dwayne Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 19, 2010.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Id.</u> at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

## II.   Plaintiff's Claims

Plaintiff, who is currently incarcerated at High Desert State Prison, brings this action against Correctional Officers F. Field and E. Felix; Appeals Coordinators J. Jones and Hicinbonton; and California Department of Corrections and Rehabilitation Director Susan L. Hubbard based on events which occurred while he was housed at California State Prison-Corcoran.

### A.   Defendants Field and Felix

#### 1.   Allegations

On July 18, 2007, Plaintiff was placed in the Administrative Segregation Unit (ASU) pending an investigation into the murder of an inmate.  On September 12, 2007, Defendant Felix provided Plaintiff with a copy of a rules violation report he prepared.  Plaintiff alleges Defendant Felix used false information regarding a confidential informant.

On January 24, 2008, Plaintiff appeared before the institutional classification committee for a review of his segregation.  Plaintiff complained to the committee that his chronic medical needs were not being met.  Defendant Field told Plaintiff that he would be escorted directly to the medical department at the conclusion of the hearing.

On April 7, 2008, Defendant Field signed off on the rules violation report.  Plaintiff alleges that by doing so, Defendant Field ignored the false information provided by Defendant Felix

concerning a confidential informant.  Plaintiff alleges that Defendants Field and Felix's actions violated his right to be free from cruel and unusual punishment.

### 2.   Claims

#### a.   Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff's health or safety. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The failure to take Plaintiff immediately to the medical department following his complaint that his chronic medical needs were not being met in ASU does not state a claim for violation of the Eighth Amendment.  Defendants Field and Felix's involvement in the preparation and/or approval of the rules violation report also fails to state a claim under the Eighth Amendment.  There is simply no indication in the complaint that Plaintiff's health or safety was endangered in any way by staff.

#### b.   Due Process

Although Plaintiff does not specifically allege a due process claim, the Court will address the issue because challenges to administrative or disciplinary proceedings are often brought under the Due Process Clause.  For the reasons that follow, however, Plaintiff's allegations do not support a viable due process claim.

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

1  for which the protection is sought. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the

2  Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on

3  inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state

4  law, the existence of a liberty interest created by prison regulations is determined by focusing on the

5  nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty

6  interests created by state law are "generally limited to freedom from restraint which . . . imposes

7  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

8  Sandin, 515 U.S. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

9      Plaintiff's complaint is devoid of any allegations suggesting he was deprived of a protected

10  liberty interest without the limited procedural protections he is due under federal law.[1] Accordingly,

11  Plaintiff fails to state a claim.

12      **B.      Defendants Jones and Hicinbonton**

13      Plaintiff attempts to impose liability on Defendants Jones and Hicinbonton based on their

14  memorandums to him, which were authored in response to his correspondence to the inmate appeals

15  office. Plaintiff also claims that Defendants violated his rights by rejecting his inmate appeals as

16  untimely.

17      Plaintiff's complaint is devoid of any support for a claim that either Defendant acted

18  improperly and in doing so, infringed upon any constitutionally protected right. Plaintiff's

19  contention that the California Department of Corrections and Rehabilitation is required by the First

20  Amendment to implement a logging and tracking system for appeals and a confidential

21  correspondence system is without merit. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

22  (no liberty interest in processing of appeals because no entitlement to a specific grievance

23  procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

24  confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

25  Plaintiff's section 1983 must be premised on the violation of an identifiable constitutional right and

26

27      [1] Plaintiff was apparently found guilty in a prison disciplinary proceeding of murdering inmate Waltower,
assessed a fifteen-month Security Housing Unit term, and transferred to a different institution to serve that term

28  because prison officials determined he needed a "Level IV 180 design placement." (Doc. 1, Comp., court record p.
5.)

4

although Plaintiff asserts a First Amendment claim, no basis for a viable First Amendment claim is presented.

Plaintiff's Eighth Amendment claim is likewise without merit.  The contention that Defendants' actions constituted cruel and unusual punishment is patently frivolous.  Hudson, 503 U.S. at 9.

### C.    Defendant Hubbard

Finally, Plaintiff expressly seeks to impose liability on Defendant Hubbard under the theory of *respondeat superior*. *Respondeat superior* liability is precluded under section 1983 and Plaintiff's complaint sets forth no other basis for liability again Defendant Hubbard. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

### III.    Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted.  Not all of the deficiencies identified by the Court are capable of being cured through amendment.  However, because Plaintiff may be able to amend some of his claims, the Court will provide one opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

1  amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>,

2  644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a complaint form;

2.   Plaintiff's complaint, filed January 19, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 7, 2011**                      **/s/ Sheila K. Oberto**
                              UNITED STATES MAGISTRATE JUDGE

6