# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED DWAYNE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSAN L. HUBBARD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00576-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 15)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.      Screening Requirement and Standard**

Plaintiff Ed Dwayne Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 19, 2010. On April 8, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on May 2, 2011.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Discussion**

     **A.     Summary of Allegations**

Plaintiff, who is currently incarcerated at Calipatria State Prison, brings this action against Correctional Officers E. Felix and F. Field; Lieutenant G. Tracy; Associate Warden R. Lopez; and Appeals Coordinators J. Jones and Hicinboton for violating his rights in 2007 and 2008 while he was housed at California State Prison-Corcoran. Based on Plaintiff's allegations, which are summarized in the following paragraphs, it appears that Plaintiff is alleging claims for violation of the Due Process Clause of the Fourteenth Amendment and for violation of the Eighth Amendment.

On January 19, 2007, inmate Waltower was murdered at CSP-Corcoran. On July 18, 2007, Defendant Felix, using false information, had Plaintiff removed from general population during the course of the investigation into inmate Waltower's murder. Removal from general population deprived Plaintiff of the privileges he had been earning as a result of his work/activity group.

On July 31, 2007, Defendant Felix gave Plaintiff a confidential informant disclosure form, which Felix had authored and which contained false information. On September 12, 2007, Defendant Felix gave Plaintiff another confidential disclosure form, which set forth the sole evidence used to charge Plaintiff with murder.

In September 2007, Defendant Field, relying on false statements, signed off on the order retaining Plaintiff in administrative segregation.

///

1   On November 6, 2007, M. Ledesma, a classification services representative, "produced" a
2   classification chrono which stated that Defendant Felix had authored a confidential memorandum
3   on July 26, 2007, noting three confidential informants. (Amend. Comp., court record p. 4.) The
4   confidential memorandum was placed in Plaintiff's central file.
5       On January 24, 2008, in front of a television camera, Defendant Field disregarded a case
6   counselor's statement that Plaintiff had nothing to do with the first and second confidential
7   informants' statements, and he followed Plaintiff to Plaintiff's cell in order to ensure that Plaintiff's
8   rules violation report (RVR) was finalized and heard that day. On the same day, Defendant Lopez
9   signed off on the RVR, despite having obtained information and viewed statements made during the
10  filming session.
11      On February 20, 2008, Plaintiff received the investigative employee's statement. Plaintiff
12  alleges that Defendant Tracy changed Plaintiff's witness questions to set up the third confidential
13  informant's motive and false statements against Plaintiff.
14      On February 21, 2008, Plaintiff was given two more confidential informant disclosure forms
15  by Defendant Felix; one was signed by Defendant Felix and dated February 26, 2007, and the other
16  was signed by Sgt. Babb and dated March 2, 2007. On February 22, 2008, Defendant Felix admitted
17  that other than the statement of the third confidential informant, there was nothing linking Plaintiff
18  to inmate Waltrip's murder.
19      On February 22, 2008, Defendant Tracy, who was the senior hearing officer, found Plaintiff
20  guilty of battery on an inmate with serious bodily injury based on false, contradictory evidence.
21  Plaintiff alleges that Defendant Tracy disregarded the written testimony of three religious chaplains
22  which contradicted the third informant's statement.
23      On March 10, 2008, Defendant Tracy altered the confidential informant disclosure statements
24  and altered parts of the rules violation report. On April 1, 2008, Defendant Field signed off on
25  Plaintiff's final RVR, which he knew to be false and altered.
26      On April 20, 2008, Plaintiff submitted an inmate appeal, which was mailed back to him by
27  Defendant Hicinbotin on May 3, 2008, because it was missing documentation. On May 16, 2008,
28  Plaintiff sent his appeal back to Defendant Hicinbotin with a trust account withdrawal slip and a

notice of denial of photocopy services, in an effort to obtain the necessary documentation to support the appeal. On June 24, 2008, Defendant Jones disregarded a note attached to the RVR directing that it be appended to Plaintiff's appeal, which was in the office with Defendant Hicinbotin.

Plaintiff's original appeal was never returned to him and on July 3, 2008, Defendant Hicinbotin issued a memorandum to Plaintiff stating that there were no pending disciplinary appeals and citing to time constraints.

Finally, Plaintiff alleges that all of the defendants knew he was a double open-heart surgery patient and they disregarded his medical status.

### B. Due Process Claims

#### 1. Disciplinary Report and Hearing Issues

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights, Iqbal, U.S. at __, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934, and the claim must be supported by more than legal conclusions, threadbare recitals of elements, or mere conclusory statements, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (citation omitted).

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by

prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff again fails to identify the existence of any protected liberty interest, Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718, and, alternatively, Plaintiff fails to identify with any circumstances which would support a claim even in the absence of an identified interest, Burnsworth v. Gunderson, 179 F.3d 771, 775 (9th Cir. 1999). Furthermore, Plaintiff has not shown that he was denied the minimal protections he was due under federal law. Wolff v. McDonnell, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974); Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by* Sandin, 515 U.S. 472.

Although Plaintiff complains of the reliance on the third confidential informant's statement and the disregard of other evidence, the hearing officer is entitled to weigh the evidence and assess the credibility of witnesses. Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). The Constitution requires only that there be some evidence to support the conviction and the standard is not stringent. Hill, 472 U.S. at 455-56. Here, Plaintiff's allegations indicate there was some minimal evidence supporting his disciplinary conviction, and Plaintiff's disagreement with hearing officer's weight and credibility assessments will not support a federal claim. Id. Finally, Plaintiff's unsupported allegations of falsity, which are sprinkled throughout his brief complaint, amount to nothing more than legal conclusions, which cannot support a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### 2. **Inmate Appeals Process**

The existence of a prison inmate appeals process does not create any substantive rights and Plaintiff may not bring a due process claim against Defendants Jones and Hicinbotin based on how they processed or resolved his inmate appeal. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

C. **Eighth Amendment Claim**

Finally, to maintain an Eighth Amendment medical care claim, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Plaintiff's conclusory allegation that Defendants disregarded his medical condition does not support a claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

**III. Conclusion and Recommendation**

The Court finds that Plaintiff's amended complaint does not state any claims upon which relief may be granted under section 1983. Plaintiff was previously given notice of these deficiencies and an opportunity to amend, and therefore, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///
///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2012**                         /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE